IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| VLADYSLAV DUBIKOVSKYY | ) |
| Petitioner, | ) |
| vs. | ) Case No. 2:20-cv-4207-NKL |
| ELENA GOUN | ) |
| Respondent. | ) |

## ORDER

Before the Court is Respondent's Motion to Stay Pending Appeal, Doc. 117, and Motion to Expedite the disposition of that Motion. Doc. 118. The Court GRANTS Respondent's Motion to Expedite and DENIES the Motion for a Stay Pending Appeal. The Court will, however, enter an administrative stay as explained below.

A court considering a stay pending appeal must consider four factors: (1) whether the stay applicant has made a strong showing that she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Chafin v. Chafin*, 568 U.S. 165, 179 (2013). "The most important factor is likelihood of success on the merits, although a showing of irreparable injury without a stay is also required." *Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 607 (8th Cir. 2020). Stays pending appeal are disfavored, even if the movant may be irreparably harmed. *Nken v. Holder*, 556 U.S. 418, 427 (2009). This is especially so in Hague Convention cases. *Friedrich v. Friedrich*, 78 F.3d 1060, 1063 (6th Cir. 1996) ("Staying the return of a child . . . should hardly be a matter of course."); *see also Chafin*, 568 U.S. at 182 (Ginsburg, J., concurring). Considering these factors and the Parties' briefing, the Court rejects the Respondent's request for a stay pending appeal.

Respondent has failed to show that she has a likelihood of success on the merits of her appeal. First, the Court must faithfully execute both the letter and the spirit of the Eighth Circuit's Mandate. The Eight Circuit ordered this Court to grant the Petition and return M.D. to Switzerland. It did not, either implicitly or explicitly, authorize this Court to consider M.D.'s current objections to returning to Switzerland. *In re SDDS, Inc.*, 225 F.3d 970, 972 (8th Cir. 2000) (noting that a Rule 60(b) motion cannot "be used to collaterally attack a final court of appeals' ruling).

Nor did Respondent ask the Eighth Circuit to reconsider its direction to this Court, even though the developments identified by Respondent were seemingly known before the Mandate issued. Doc. 117-1, at 10.[1] This Court cannot now, in the face of an explicit instruction from the Eighth Circuit to grant the Petition, permit Respondent to effectively start over to address the specific deficiency that the Eighth Circuit identified.[2] Further, Respondent has failed to show that she is entitled to use the Federal Rules of Civil Procedure to relitigate the mature child exception now, after appeal, using evidence that she admits did not exist at the time of the original evidentiary hearing or this Court's decision on the merits of the Hague petition.[3]

The Court can consider the recent developments in the Swiss custody proceedings despite the Eighth Circuit's Mandate consistent with the Supreme Court's decision in *Standard Oil Co.*

---

[1] Remanding to this Court for additional fact finding was indeed an option for the Eighth Circuit. *Neumann v. Neumann*, 684 F. App'x 471, 483 (6th Cir. 2017) ("When, as here, material facts underlying the district court's judgment have changed during the appeal, appellate courts have remanded the case to the district court for further proceedings.") (citing *McLeod v. General Electric Co.*, 385 U.S. 533, 535 (1967)).

[2] Respondent queries how a Rule 60(b) Motion could ever be used successfully following appeal if this Court's decision were correct. Doc. 117-1, at 8. But the only issue before this Court is whether Respondent has met her burden under the specific facts of this case.

[3] Respondent makes clear that her Rule 60(b) Motion rests on M.D.'s *current* objections to returning to Switzerland, not an objection that existed at the time of the hearing.

*Standard Oil Co. of California v. United States*, 429 U.S. 17, 18 (1976). But Respondent has failed show that an ambiguity in the Swiss proceedings is enough to show likelihood of success on the merits.[4] At this time, the Swiss courts are still evaluating whether custody proceedings can continue there. Given those proceedings, this Court cannot find at this time that Switzerland has declined jurisdiction, especially given the fact that there is still a Swiss court order directing M.D.'s return to Switzerland.

It is Respondent's burden to prove that she has a strong likelihood of success on the merits of her Rule 60(b) arguments on appeal, and she has not convinced this Court that such a likelihood exists. Without this factor, the Motion for a Stay Pending Appeal fails.

However, the Court will grant a limited administrative stay to maintain the status quo while the Eighth Circuit considers a motion for a stay pending appeal. Courts use temporary administrative stays to maintain the status quo while an appellate court evaluates the merits of a stay pending appeal. *Org. for Black Struggle*, 978 F.3d at 607 (district court granted a temporary administrative stay to allow both the district court and the Eighth Circuit to rule on a request for stay pending appeal); *H&R Block, Inc. v. Block, Inc.*, No. 21-CV-0913-NKL, 2022 WL 2132208, at *1 (W.D. Mo. May 20, 2022). Given the timeline established by this Court, M.D. would likely be returned to Switzerland before Respondent's motion to the Eighth Circuit could be resolved.

---

[4] The Court is not persuaded by Respondent's reliance on *Neumann v. Neumann*, which addressed the application of the of the "grave risk" or "intolerable situation" defense. 684 F. App'x 471, 482 (6th Cir. 2017). The Sixth Circuit has concluded that if a country of habitual residence is practically or legally unable to adjudicate custody, the intolerable situation defense can apply. *Pliego v. Hayes*, 843 F.3d 226, 232 (6th Cir. 2016).[4] In *Neumann*, the Sixth Circuit reasoned that where it was unclear that the Mexican courts could assert jurisdiction over the custody dispute at all, given neither the mother, the father, or the children were Mexican citizens or resided in Mexico, the defense could apply and remanded to the district court. *Id.* at 482. The situation before the Court is not the same. M.D.'s father remains in Switzerland, and there is pending litigation there currently.

Given the time that has already elapsed, a limited administrative stay will not prejudice the Petitioner in any material way, but it will avoid any additional confusion in the event the Eighth Circuit disagrees with the Court's Rule 60(b) analysis.

Accordingly, this Court's Orders granting the Petition and ordering M.D. returned to Switzerland, Doc. 110 & Doc. 80, are hereby STAYED until the Eighth Circuit rules on Respondent's motion for a stay pending appeal. However, Respondent must file such a motion within 7 days of this Order. If she fails to meet that deadline, and upon notice, the Court will dissolve the administrative stay.

SO ORDERED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: 5/22/2023
Jefferson City, Missouri